## O'TOOLE *v.* CENTRAL PARK, N. R. & E. R. R. Co.

(*Supreme Court, General Term, First Department.*  December 29, 1890.)

**1. STREET RAILROADS—ACCIDENT TO PERSONS ON TRACK.**

In an action against a horse-railroad company for personal injuries, plaintiff testified that, while waiting for a car, between two tracks, having her baby in her arms and a little girl beside her, two cars approached, one of them very swiftly; that she motioned to the driver to stop, but he did not do so, and she was knocked down by the car and injured. Testimony for defendant was that both cars had come to a stop at the time of the accident; that plaintiff, while crossing the track, on seeing a car coming, had run back and run into the car, and by the shock was thrown down on her knees and thus injured. *Held,* that a verdict for plaintiff, being supported by her testimony, would not be disturbed.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

The fact that plaintiff was on the sidewalk over which the cars ran on a curve to enter defendant's depot, did not constitute contributory negligence.

**3. SAME.**

Even if plaintiff failed to pursue the best course to escape the danger in which, according to her testimony, she was placed, this would not deprive her of the right to recover if defendant was negligent in the management of its cars.

**4. TRIAL—INSTRUCTIONS.**

The refusal of requests for instructions to the jury which are covered by propositions already charged is not ground for reversal.

**5. EXCESSIVE DAMAGES.**

In an action for personal injuries from defendant's negligence, it appeared that plaintiff, a married woman, had received severe contusions of the hip and lower part of the back, causing much pain and a traumatic fever, which lasted several days, during which time she was attended by a physician daily, and afterwards,

less frequently, for three or four months, and that she continued to suffer pain and difficulty in walking down to the time of the trial. *Held*, that a verdict for $1,000 damages should not be set aside as excessive.

Appeal from circuit court, New York county.

Action by Mary O'Toole against the Central Park, North River & East River Railroad Company, for damages for personal injuries to plaintiff. She testified that she was struck by defendant's street-car, and severely bruised on the hip and leg; that she suffered great pain, and was unable to go around her house and attend to her household duties for nearly four months; and that she still had pain, and trouble in walking. Her physician testified that he found her, after the accident, suffering from very severe contusions of the hip and lower part of the back, and that she suffered exceedingly from an attempt to move the leg; that she had some traumatic fever from shock; that he visited her every day for eight or ten days, and after that at less frequent intervals for about three months, when he ceased going because he had done all he could do; and that, in his opinion, she was still suffering from the effects of the accident. The jury found a verdict for plaintiff for $1,000. From the judgment entered on the verdict, and from an order denying a motion for a new trial, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Vanderpoel, Cuming & Goodwin,* for appellant. *James F. Higgins,* for respondent.

VAN BRUNT, P. J. The accident out of which this action arose occurred on an afternoon in March, 1888, in front of the depot of the defendant at Fifty-Third street and Tenth avenue. It appears from the evidence in the case that at this point the cars of the defendant ran upon a curve over the sidewalk for the purpose of entering the depot. Desiring to enter a car, the plaintiff stood in front of the depot between two of the tracks of the defendant, having her baby in her arms, and a little girl along-side of her, waiting for a car. As she stood there she saw two cars approaching, one of them, according to her testimony, coming very swiftly. Finding herself exposed to danger she motioned to the driver to stop, which he did not do, and she was knocked down by the car, and injured. Upon the part of the defendant, testimony was offered tending to show that at the time of the happening of the accident both cars had actually come to a stop, and that, instead of the car running into the plaintiff, she first attempted to cross the track, and seeing a car coming ran back and ran into the car, and, by the shock, was knocked down upon her knees, and that is the manner in which it is claimed by the defendant the plaintiff was injured, if at all. The defendant, by the witnesses examined by it, certainly offered strong evidence to show that the plaintiff must have been mistaken in her version of the cause of the accident; but this fact would not have justified the court in taking the case from the jury. If the plaintiff's evidence was true, then the jury would have been entitled to find that the defendant was guilty of negligence, and also that the plaintiff had not been guilty of negligence in any degree contributing to the happening of the accident. It would appear that the accident happened upon the sidewalk in front of the depot. The plaintiff had a right to be there. The defendant did not own the sidewalk. It was a proper place for her to stand, and she had a right to assume that the railroad company, in housing their cars by crossing the sidewalk, would show some respect at least to the rights of foot passengers. Therefore from the fact of her standing upon this sidewalk, although it was in front of the depot, no claim of contributory negligence could be predicated. Being rightfully in this position with her two infant children she was compelled to act because of what she believed to be the danger she was placed in by the rapid approach on the curve going into the depot of two of the cars of the defendant, a danger, if her story is correct,

not imaginary, but actual; and if she failed to pursue the very best course which, under the circumstances, she might have done, if the defendant were guilty of negligence in the management of its cars, it does not deprive her of her right to recover.

It is urged upon the part of the defendant that the supposed peril in which the plaintiff was placed was not actual or real, but merely fancied or visionary. But this assertion depends for its support upon the acceptance of the testimony upon the part of the defendant that the car had come to a full stop, and that the driver was in full control of his car and horses. We think the jury had a right to adopt a different version of the evidence, in view of the testimony given on the part of the plaintiff; and this court cannot interfere with the conclusion arrived at.

It is urged that the court refused to charge various of the defendant's requests, and error was thereby committed; but, upon an examination of the record, it will be seen that in the charge all these requests, so far as the defendant was entitled to have them charged, were covered by the language of the court; and it was not necessary that the court should repeat propositions which it had already submitted to the jury. We cannot say that the damages were excessive. The evidence upon the part of the plaintiff showed injury for which she was entitled to compensation, and the verdict was not of that character which showed passion or prejudice, and, unless such fact appears because of the unreasonableness of the verdict, it cannot be set aside upon the ground that the damages are excessive. The judgment should be affirmed, with costs. All concur.